| | |
|---|---|
| PETER ANAYA,<br><br>        Plaintiff,<br><br>v.<br><br>C. WICKERT,<br><br>        Defendants. | Case No. 1:17-cv-01422-LJO-EPG (PC)<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT FOR FAILURE TO STATE A CLAIM AND FOR ASSERTING FRIVOLOUS CLAIMS UNDER 28 U.S.C. § 1915A(b)**<br><br>(ECF No. 13)<br><br>**OBJECTIONS DUE WITHIN TWENTY-ONE (21) DAYS** |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

### I. BACKGROUND

Peter Anaya ("Plaintiff") is a state prisoner proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed his complaint in state court on April 7, 2017. Defendant C. Wickert filed a notice of removal on October 19, 2017. (ECF No. 2). The Court screened the complaint and gave Plaintiff the option of amending the complaint or standing on the complaint, subject to Findings and Recommendations to the District Judge. (ECF No. 11). Plaintiff filed a First Amended Complaint ("FAC") on January 16, 2018. (ECF No. 13)

Plaintiff's FAC contains general allegations that Defendants are accessing his confidential mental health information and sharing it with the entire CDCR staff and all CDCR inmates. He also alleges that over thirty officers are posing undercover as inmates, and sexually harassing him. He separately alleges that inmates have been instructed to contaminate his food with semen.

Plaintiff has asserted many of these allegations in three separate lawsuits in this court, all of which have been dismissed at the screening stage with one finding his allegations were

1

"malicious."

The Court recommends finding that Plaintiff has failed to state a claim, and has asserted frivolous claims for the reasons explained below. The Court recommends that the District Judge dismiss Plaintiff's First Amended Complaint and close the case.

**II.      SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted." 28 U.S.C.§ 1915(e)(2)(B)(ii).

**III.     SUMMARY OF PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff is incarcerated at California Substance Abuse Facility ("SATF"). His First Amended Complaint repeats the following general claims:

Defendant Officer C. Wickert used the public address system and inmate rosters to address Plaintiff by the names of other inmates whose names are synonymous with common sexual slang, such as Longo CDC#AX6477 and Little CDC#AW8009.

Various unnamed officers and C. Wickert accessed Plaintiff's confidential mental health records without permission and placed inaccurate information in Plaintiff's files regarding Plaintiff being a victim of sexual abuse. Defendant CDCR officers and C. Wickert then "shared the illegally gained confidential information with every officer/employee and the inmate population in the CDCR." C. Wickert "did this via CDCR SOMS computer, via institutional telephone, via confidential medical, mental health, custodial documents, written announcements, verbal communication, public address system."

C. Wickert and others were involved in the theft of a laptop that was stolen from a personal vehicle. That laptop had electronically stored and illegally obtained confidential mental health records.

C. Wickert worked in concerted effort with various CDCR Officers and DPSS agents working undercover. Plaintiff lists over thirty names and CDC numbers of inmates allegedly working undercover for the CDCR. Plaintiff alleges all of these undercover staff, posing as inmates, wrongfully shared illegally obtained confidential mental health records "with every officer/employee and the inmate population in the CDCR."

Many undercover CDCR staff members have posed as undercover inmates, and have made sexual advances towards and requests for sexual compliance by Plaintiff.

Defendant CDCR Officers and custody, staff, and undercover agents posing as inmates have also told the inmate population that they contaminated Plaintiff's food tray with semen in the chow hall on multiple occasions.

Plaintiff attaches a letter from California Correctional Health Care Services, dated May 13, 2016, regarding "a potential breach of your Personally Identifiable Information and Protected Health Information." It describes how an unencrypted laptop was stolen from a workforce member's personal vehicle. It was password protected. The letter states "We do not know if any sensitive information was contained in the laptop. To the extent any sensitive information may have been contained in the laptop, we do not know if the information included any of your information."

**IV.     OTHER CASES**

In his FAC, Plaintiff lists three prior lawsuits brought in this district.

In *Anaya v. CDCR*, Plaintiff filed a complaint on August 13, 2015, against CDCR and numerous individuals. It alleged that "mental health clinician, psycologist [sic], mentioned that CDCR C/o's rookies were typing, printing sexually suggestive, derogatory obscene comments, slurs, jokes, libel remarks and epithets on my CDCR computer mental health records." Complaint at 1, *Anaya v. CDCR*, No. 1:16-cv-0040-MJS-PC (E.D. Cal. Aug. 13, 2015), ECF No. 1. It accused defendants of "libel, sexual harassment, and defamation of character." *Id.* After

multiple amendments, the court in that case ultimately dismissed the action with prejudice for failure to state a claim, and for asserting allegations that "rise to the level of the irrational or the wholly incredible." *Anaya v. CDCR*, No. 1:16-cv-0040-MJS-PC, 2016 WL 7178527, at *2 (E.D. Cal. Dec. 8, 2016), *appeal dismissed sub nom. Anaya v. California Dep't of Corr. & Rehab.*, No. 16-17310, 2017 WL 6760654 (9th Cir. Mar. 20, 2017).

Plaintiff then filed *Anaya v. Vugt*, No. 1:16-cv-01094-SKO-PC (E.D. Cal. July 28, 2016). He alleged that various CDCR correctional officers "continue to use the CDCR state computer, Plaintiff mental health confidential records on premises to deprive the Plaintiff" of his constitutional rights. Complaint at 7, *Anaya v. Vugt*, No. 1:16-cv-01094-SKO-PC (E.D. Cal. July 28, 2016), ECF No. 1. He further alleged that defendants had illegal, unauthorized access to CDCR computerized mental health records. The court noted that these claims were substantially similar to *Anaya v. CDCR*, No. 1:16-cv-0040-MJS-PC, and dismissed the case as duplicative to the earlier filed lawsuit. The court stated, "Plaintiff is barred from bringing claims based on allegations he previously pursued in *Anaya* based on allegations that, from 2001 through October 7, 2016, while housed at SATF, prison staff illegally accessed Plaintiff's mental health records, entered false information regarding child sexual abuse, and distributed the falsely modified records to CDCR staff and inmates." *Anaya v. Vugt*, No. No. 1:16-cv-01094-SKO-PC, 2017 WL 4679808, at *2 (E.D. Cal. Oct. 18, 2017). The court also found Plaintiff's filing to be a malicious action under 28 U.S.C. § 1915. *Id.*

Plaintiff also filed *Anaya v. Barrios*, No. 1:16-cv-01750-MJS-PC (E.D. Cal. Nov. 18, 2016). It included allegations that various defendant correctional officers had unauthorized access to Plaintiff's mental health records and falsely typed in false information about being a victim of sexual abuse. Complaint at 3, *Anaya v. Barrios*, No. 1:16-cv-01750-MJS-PC (E.D. Cal. Nov. 18, 2016), ECF No. 1. The court dismissed Plaintiff's case for failure to state a claim for making implausible allegations, because his prior lawsuit raised the same claims and were barred by collateral estoppel, and because the allegations did not state viable legal claims. *Anaya v. Barrios*, No. 1:16-cv-01750-MJS-PC, 2017 WL 345206, at *7 (E.D. Cal. Jan. 23, 2017).

1	This thus appears to be Plaintiff's fourth case in this district alleging that correctional officers at SATF accessed Plaintiff's medical records, put false information in those records, and disseminated the false information to staff and inmates. The other three have already been dismissed at the screening stage.

## V. PRIOR SCREENING ORDER

This Court first screened Plaintiff's complaint on December 29, 2017, and provided leave to amend the complaint or permission to stand on the complaint subject to Findings and Recommendations to the District Judge. (ECF No. 11). The Court informed Plaintiff of the pleading standards of Rule 8, and that a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a) It reviewed the law for defamation, slander, and libel and stated "[i]n order to evaluate Plaintiff's claim against Defendant Wickert, Plaintiff must clearly state what Defendant Wickert said or wrote, and why the statement was false." *Id.* at 4. It then reviewed the law regarding confidential information that stated, "if Plaintiff wishes to assert a claim regarding access to confidential information, Plaintiff should describe what role Defendant Wickert has at SATF, what information he accessed, why he accessed this information, and whether he disclosed it to anyone else." *Id.* at 6. The Court also set out the standards for a failure to protect claim. *Id.* Finally, the Court cited law that allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. *Id.*

## VI. ANALYSIS OF PLAINTIFF'S FIRST AMENDED COMPLAINT

Plaintiff's allegations are substantially similar to the allegations he has raised in the three prior lawsuits. Like in those three lawsuits, Plaintiff here fails to state a viable claim. Indeed, especially in light of those prior lawsuits, Plaintiff's allegations are subject to dismissal as being frivolous.

As described above, the Court may dismiss a case filed by a prisoner seeking relief against an officer or employee of a governmental entitled if the claims are "frivolous" or "fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915A(b). Moreover, a complaint must contain a short and plain statement of a claim for relief that is plausible on its face:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
>
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

*Ashcroft v. Iqbal*, 556 U.S. 662, 677–678 (2009).

Plaintiff's FAC fails to meet this standard. The FAC consists mainly of labels and conclusions rather than specific facts regarding who did what, when. (ECF No. 13 at 7) ("The defendant = Acron CDC #G-54810 have wrongfully shared the illegaly [sic]gained confidential medical, mental health, custodial information from CDECR and Los Angeles County Jail with every officer/employee and the inmate population in the CDCR and without the Plaintiff's authorization, resulted in libeled, slander, defamation. The Plaintiff further claims the unlawful defamation has caused me to become the victim of sexual harassment and threaths [sic] from CDCR-Custody staff misconduct."). Similarly, he does not describe what information was accessed, by whom, and for what purpose. He also fails to describe what information was broadcasted that was false and, thus, libelous, slanderous, or defamatory. His allegations are thus subject to dismissal for violation of Rule 8 of the Federal Rules of Civil Procedure.

Moreover, some of the allegations are facially implausible. Plaintiff alleges that defendants shared confidential information with "every officer/employee and the inmate

population in the CDCR." *Id.* at 7. Furthermore, Plaintiff claims that over 30 inmates are actually undercover CDCR/Officers and CPSS agents. *Id.* at 6. The same is true of his allegations of food contamination; he alleges that the inmate population has been instructed by to contaminate his food tray with semen in the chow hall. These allegations are not plausible on their face and subject to dismissal under 28 U.S.C. § 1915A.

The Court has informed Plaintiff of the requirement in Rule 8. Indeed, these standards as well as related legal standards have been described not just in this lawsuit, but also in the three prior lawsuits covering similar allegations. Plaintiff's First Amended Complaint is thus subject to dismissal on this basis alone.

Nevertheless, the Court addresses certain specific claims below, to the best of the Court's understanding.

### A. Defamation, Slander or Libel

Under California law,[1] a defamation claim, which may be asserted as a claim for slander (oral) or libel (written), includes the following elements: "(1) a publication that is (2) false, (3) defamatory, (4) unprivileged, and (5) has a natural tendency to injure or causes special damage." *KM Strategic Mgmt., LLC v. Am. Cas. Co. of Reading PA*, 156 F. Supp. 3d 1154, 1166-67 (C.D. Cal. 2015) (quoting *Wong v. Tai Jing*, 189 Cal. App. 4th 1354, 1369 (2010)).

Plaintiff fails to allege such a claim because he does not state what information was disseminated, or that it was in fact false.

### B. Harassment

Plaintiff alleges that Defendant Wickert and various other officers used the public address system to call Plaintiff by the names of other inmates whose names are synonymous with common sexual slang such as "Little," "Dick," "Harder," "Priest," and "Register." These allegations fail to state a claim for violation of constitutional rights.

Allegations of harassment, embarrassment, and defamation are not cognizable under section 1983. *Rutledge v. Arizona Bd. of Regents*, 660 F.2d 1345, 1353 (9th Cir. 1981), *aff'd sub*

---

[1] If the Court finds that Plaintiff fails to state a federal claim, but does state a defamation claim, it may remand the case to state court.

7

*nom. Kush v. Rutledge*, 460 U.S. 719 (1983); *see also Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1982) (allegations of harassment with regards to medical problems are not cognizable); *Ellingburg v. Lucas*, 518 F.2d 1196, 1197 (8th Cir. 1975) (state prisoner does not have cause of action under § 1983 for being called obscene name by prison employee); *Batton v. North Carolina*, 501 F. Supp. 1173, 1180 (E.D. N.C. 1980) (mere verbal abuse by prison officials does not state claim under § 1983). Nor are allegations of mere threats cognizable. *See Gaut v. Sunn*, 810 F.2d 923, 925 (9th Cir. 1987) (mere threat does not constitute constitutional wrong, nor do allegations that naked threat was for purpose of denying access to courts compel contrary result).

### VII. CONCLUSION AND RECOMMENDATION

The Court has screened Plaintiff's complaint and finds that it fails to state a claim under the relevant pleading standards because it does not include "a short and plain statement of the claim showing that the pleader is entitled to relief" and because the allegations are frivolous under 28 U.S.C. § 1915A(b).

The Court will not recommend granting further leave to amend. The Court previously screened Plaintiff's original complaint and provided Plaintiff with leave to amend with the benefit of ample legal guidance.

Based on the foregoing, it is **HEREBY RECOMMENDED** that:

1. This case be DISMISSED for failure to state a claim and, pursuant to 28 U.S.C. § 1915A(b), for asserting frivolous claims;
2. The Clerk of the Court be directed to CLOSE this case; and
3. The dismissal be subject to the "three-strikes" provision set forth in 28 U.S.C. § 1915(g). *Coleman v. Tollefson*, 135 S. Ct. 1759, 1763 (2015).

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **March 21, 2018**

/s/ Elvin P. Grosjean
UNITED STATES MAGISTRATE JUDGE